IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA MCCANTS, #54242-037     *
           Petitioner,
      v.                                       *     Civil Action No. JKB-14-2164
                                                        Criminal Action No. JKB-11-426
UNITED STATES OF AMERICA     *
           Respondent.
                                                 *****

MEMORANDUM

Monica McCants was convicted of conspiracy to participate in a racketeering enterprise and to distribute and possess with intent to distribute controlled substances (a mixture of heroin and cocaine base), in violation of 18 U.S.C. § 1962(d) & 21 U.S.C. § 846. She was sentenced to concurrent 180-month terms on May 24, 2013. Judgment was entered on May 29, 2013. ECF No. 311. No appeal was filed. Therefore her conviction became final on June 12, 2013, when the fourteen-day period for filing a direct appeal expired. *See* Fed R. App. P. 4(b)(1)(A)(i).

On July 2, 2014, the court received for filing McCants's self-represented "motion to vacate sentence in light of *Alleyne v. United States*,"[1] dated June 16, 2014.[2] ECF No. 373. On July 9, 2014, the government was directed to file a limited show cause response to the motion addressing

---

[1] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013).

[2] The envelope was franked on Tuesday, June 24, 2014, received first in the Office of the United States Attorney, and forwarded to the Clerk's Office. Affording the motion the most generous of filing dates, it is deemed as filed by McCants on June 16, 2014, the date on which it was signed and presumably deposited with prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

the timeliness and/or equitable tolling of the § 2255 motion. ECF No. 374. McCants was to be afforded an additional twenty-one (21) days thereafter to file a reply. *Id.*

The government's limited answer, received for filing on July 17, 2014, argues that McCants's filing is untimely under 28 U.S.C. § 2255(f)(1), (2) & (3) [3] because (1) it was filed outside the one-year statute of limitation period from the date when her conviction became final; (2) McCants does not allege any impediments to her filing of the motion to vacate; and (3) the case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), issued on June 17, 2013, has not been made retroactively applicable to cases on collateral review. ECF No. 375.

In her reply or "rebuttal," McCants claims that her conviction only became final after the expiration of a 90-day period for her to file a petition for writ of certiorari. ECF No. 380. She further claims she would be entitled to review of her motion under § 2255(f)(3), as the one-year

---

[3]   28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

period from the issuance of the *Alleyne* opinion did not expire until June 17, 2014. ECF No. 380. Finally, she asserts that *Alleyne* is retroactively applicable to cases on collateral review under the doctrine of *Teague v. Lane*, 489 U.S. 288 (1989). *Id.*

The court has reviewed the record and arguments raised by McCants. First, in the absence of filing a direct appeal, McCants's conviction became final upon the expiration of the fourteen-day period for filing a direct appeal. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Diallo*, --- F. App'x ---, No. 14-6450, 2014 WL 3893243, at *1 (4th Cir. Aug. 11, 2014) (unpublished). Therefore, she is not entitled to invoke the 90-day period for filing a petition for writ of certiorari contesting the appellate court's affirmation of conviction. Further, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review. Indeed, the Fourth Circuit has noted that *Alleyne* has not been made retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (unpublished).

The court concludes that the motion to vacate was not timely filed and that no basis exists for statutory or equitable tolling of the one-year statute of limitations. Accordingly, the motion shall be dismissed. The court declines to issue a certificate of appealability. A separate Order follows.

DATED this 29th day of August, 2014.

                                                        BY THE COURT:

                                                        _____/s/_____
                                                        James K. Bredar
                                                        United States District Judge